UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RICHARD HANNABLE MCDUFF,

        Plaintiff,

v.

SHERRY L. BURT et al.,

        Defendants.

_____/

Case No. 1:17-CV-912

Honorable Paul L. Maloney

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Burt and Jackson. The Court will serve the complaint against Defendants Attis, Goostre, Davis, and Dykstra.

**Discussion**

I.      **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan, though the events about which Plaintiff complains occurred while he was housed at the Muskegon Correctional Facility (MCF). Plaintiff sues the following MCF officials: Warden Sherry L. Burt; Deputy Warden S. Jackson; Resident Unit Manager (unknown) Attis; Lieutenant (unknown) Goostre; Sergeant S. Davis; and Correctional Officer (unknown) Dykstra.

Plaintiff alleges that, on March 12, 2015, he was assaulted by two gang members, prisoners McBride and Hamilton, while he was in the bathroom of his housing unit. Defendant Dykstra issued a misconduct report against Plaintiff for fighting, even though Dykstra did not observe Plaintiff fighting. Instead, Dykstra based his report on a discovery that Plaintiff had been stabbed several times in the face and head while he was in the bathroom. Yet Dykstra failed to file a "critical incident report" or request protection for Plaintiff. The administrative hearing officer found Plaintiff not guilty of the fighting charge.

On March 24, while Plaintiff was in the prison yard, Plaintiff was again assaulted by gang members. Defendant Goostre issued a misconduct charge against Plaintiff for fighting, but took no action to protect Plaintiff. The hearing officer again found Plaintiff not guilty of fighting.

Plaintiff gave Defendant Attis a hand-written request for protection from gang members on March 29, 2015. Plaintiff wrote his request on a grievance form. Defendant Attis ignored the request and did not forward it to either the deputy warden or warden's office.

On April 2, 2015, having been released from segregation to his same housing unit, Plaintiff was assaulted for the third and fourth time by gang members. In the first of these instances, Plaintiff was assaulted by three gang members in the downstairs dayroom of the housing unit. Hours later, Plaintiff was assaulted in the upstairs hallway of the unit. Between the two assaults on April 2, 2015, Plaintiff complained to Defendant Sergeant Davis about being assaulted, but Davis did nothing about protecting Plaintiff. Only after the second assault of the day did Defendant Sergeant Davis review the videotape and issue a request for protection and investigation. Prison Counselor Jefferson (not a Defendant) investigated Sergeant Davis' request and recommended that Plaintiff be held in protective custody until he could be transferred to another facility. The recommendation was signed by Inspector P. Davis (not a Defendant).

Also on April 2, 2015, Defendant Jackson reviewed Plaintiff's grievance about the first assault. Defendant Jackson rejected the grievance. Defendant Burt reviewed the rejection and upheld it on May 12, 2017.

Plaintiff alleges that Defendants Jackson and Burt should have reviewed all critical incident reports and should have become aware of the risk to Plaintiff's safety, but they did not. Plaintiff also alleges that Defendants knew or should have known of hazardous conditions at the facility, but they did not abate the situation. Plaintiff contends that Defendants violated his rights under the Eighth and Fourteenth Amendments of the United States Constitution every time they did not correct the problem, allowing Plaintiff to be assaulted four times within three weeks.

Plaintiff seeks compensatory and punitive damages.

II. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Defendants Jackson and Burt, other than his claim that they failed to review critical incident reports, failed to supervise their subordinates, and rejected his grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Burt and Jackson engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

Upon initial review, the Court concludes that Plaintiff's allegations against the remaining Defendants are sufficient to state a claim. The Court therefore will order service of the complaint against Defendants Attis, Goostre, Davis, and Dykstra.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Burt and Jackson will be dismissed for failure to state a claim,

under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Attis, Goostre, Davis, and Dykstra.

An Order consistent with this Opinion will be entered.


Dated: November 3, 2017                               /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge