UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RICHARD MCDUFF, # 204491,            )
                                     )
                Plaintiff,           )
                                     )   Case No. 1:17-cv-912
v.                                   )
                                     )   Honorable Paul L. Maloney
BRENT ADDIS, et al.,                 )
                                     )
                Defendants.          )
_____)

## REPORT AND RECOMMENDATION

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff's complaint arises out of conditions of his confinement at the Muskegon Correctional Facility. The defendants are Resident Unit Manager (RUM) Brent Addis, Lieutenant Jared Goostrey, Sergeant Shakia Davis, and Corrections Officer Robert Dykstra. Plaintiff alleges that, on March 12, 24, and twice on April 2, 2015, he was assaulted by other prisoners. He alleges that defendants were deliberately indifferent to the risk of those assaults in violation of his Eighth Amendment rights.[1]

---

[1] All other claims have been dismissed. (ECF No. 4, 5). Plaintiff's purported Fourteenth Amendment claims are duplicative of his Eighth Amendment claims. After conviction, the Eighth Amendment serves as the primary source of substantive protection for prisoners. The protections under the Fourteenth Amendment are, "at best redundant of that provided by the Eighth Amendment." *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989). The Eighth Amendment's prohibition against cruel and unusual punishment "applies to the States through the Due Process Clause of the Fourteenth Amendment[.]" *Wilson v. Seiter*, 501 U.S. 294, 296 (1991).

The matter is before the Court on defendants' motion for summary judgment. (ECF No. 38). Plaintiff opposes the motion. (ECF No. 55). Defendants did not file a reply brief. For the reasons set forth herein, I recommend that the Court grant defendants' motion in part and deny it in part. The Court should grant summary judgment in favor of Officer Dykstra and Lieutenant Goostrey on all plaintiff's claims. The Court should deny the motion for summary judgment on plaintiff's Eighth Amendment claims against RUM Addis and Sergeant Davis.

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham Cty. Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Huff v. TeleCheck Servs., Inc.*, 923 F.3d 458, 462 (6th Cir. 2019). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see AES-Apex Employer Servs., Inc. v. Rotondo*, 924 F.3d 857, 866 (6th Cir. 2019) ("[C]asting only [a] 'metaphysical doubt' is insufficient to survive summary judgment." (quoting *Matsushita*, 475 U.S. at 586). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' " *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252)); *see Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018).

## Relevant Facts

The following facts are beyond genuine issue.  Plaintiff was an inmate at the Muskegon Correctional Facility (MCF) at all times relevant to his complaint.[2] (Compl. ¶¶ 3-21, ECF No. 1, PageID.4-6).  Defendants were employed at MCF by the Michigan Department of Corrections during the same period.  (Davis Aff. ¶ 2, ECF No. 39-2, PageID.258; Goostrey Aff. ¶ 2, ECF No. 39-5, PageID.267; Addis Aff. ¶ 2, ECF No. 39-7, PageID.278; Dykstra Aff. ¶ 2, ECF No. 40, PageID.283).

On March 12, 2015, at approximately 11:42 p.m., Corrections Officer Robert Dykstra responded to an altercation involving plaintiff in MCF's upstairs 4 Unit bathroom.  Officer Dykstra did not witness the altercation and he arrived after the incident ended.  Plaintiff did not disclose the identity of the other prisoners involved. (Dykstra Aff. ¶¶ 4-6, PageID.284).  Plaintiff did not see anyone because he had been facing a urinal during the assault.  (Plf. Decl. ¶ 1, ECF No. 55-1, PageID.369). Plaintiff states that he told Officer Dykstra that he had been assaulted.  (*Id.* at ¶ 3, PageID.369).  Officer Dykstra believed that the altercation was a fight between prisoners.  (Dykstra Aff. ¶¶ 7, 11-12, PageID.284-85; ECF No. 55-1, PageID.377). Plaintiff was taken to health care for medical attention and then to segregation.  (ECF No. 55-1, PageID.374).

---

[2] Plaintiff's complaint is verified under penalty of perjury and is considered as his affidavit in opposition to defendants' motions for summary judgment.  *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008).

On March 13, 2015, Officer Dykstra issued misconduct tickets against plaintiff and prisoners Hamilton and McBride for fighting. Plaintiff remained housed in segregation pending resolution of the misconduct charge. (Dykstra Aff. ¶ 7, PageID.284; ECF No. 55-1, PageID.367; Plf. Decl. ¶ 7, PageID.370). According to plaintiff, Officer Dykstra showed him video images of gang members running from the bathroom after attacking him. Plaintiff states that he indicated to Officer Dykstra that he was afraid of gang members because he could not protect himself from them. (*Id.* at ¶¶ 3-5, PageID.369-70). Plaintiff never asked Officer Dykstra for protection. (Dykstra Aff. ¶ 11, PageID.284). If Plaintiff had expressed a need for protection, Officer Dykstra would have reported such information to his direct supervisor. However, no such report was made because plaintiff never indicated he was in any danger. (*Id.* at ¶ 12, PageID.285). On March 24, 2015, a hearing officer found plaintiff not guilty of the fighting charge, and plaintiff was returned to the prison's general population. (Compl. ¶ 6, PageID.5; Plf. Decl. ¶ 10, PageID.370; ECF No. 55-1, PageID.381).

On March 24, 2015, Lieutenant Goostrey broke up what he believed to be a fight among prisoners. Plaintiff was one of the prisoners involved in the altercation. Lieutenant Goostrey began an investigation into a possible assault. That investigation ended, however, when plaintiff reported that he was throwing punches back at the other prisoners. Such actions are considered fighting, which is prohibited conduct. Lieutenant Goostrey charged plaintiff with the misconduct of fighting. (Compl. ¶ 7, PageID.5; Goostrey Aff. ¶¶ 5-6, PageID.268; Plf. Decl. ¶¶ 10-13,

PageID.370-71; ECF No. 55-1, PageID.383). At no time during this investigation did plaintiff say that he was "assaulted by gang members" or indicate he needed protection. If plaintiff had asked for protection, Lieutenant Goostrey would have placed him in segregation and completed a CSJ-686 Request for Protection/Investigation Report. (Goostrey Aff. ¶¶ 7-9, PageID.268). On April 1, 2015, a hearing officer found plaintiff not guilty of this misconduct charge. He noted that March 24, 2015, incident occurred shortly after plaintiff and prisoner Hamilton were released from segregation after being found not guilty of the earlier fighting misconduct charges for lack of evidence. On April 2, 2015, plaintiff was returned to the prison's general population. (Compl. ¶¶ 7, 11, PageID.5; ECF No. 55-1, PageID.385; Plf. Decl. ¶¶ 16, 18, PageID.371).

Plaintiff states in his verified complaint that, on March 29, 2015, he gave RUM Addis a "grievance/letter outlining his request for protection from the gang members." (Compl. ¶ 9, PageID.5). The grievance/letter was not filed as an exhibit. Plaintiff provides no specific details regarding its content. According to plaintiff, RUM Addis failed to forward his letter/grievance to the warden or deputy warden. (*Id.*).

Plaintiff's declaration provides a slightly different version of events. Plaintiff now swears that, on March 27, 2015, he handed RUM Addis "a letter outlining [his] fear of being assaulted again and asked that [Addis] investigate." (Plf. Decl. ¶ 14, PageID.371). Plaintiff did not file the letter as an exhibit. Plaintiff states that, on March 29, 2015, he wrote a grievance "stating the same information" as his March 27, 2015, letter. (*Id.* at ¶ 15, PageID.371). On April 2, 2015, MCF's grievance

coordinator received a grievance from plaintiff and assigned it Grievance No. MCF-2015-04-326-28C. (ECF No. 55-1, PageID.393). In the space provided for describing plaintiff's attempt to resolve the issue before writing the grievance, plaintiff indicated that he handed a letter to RUM Addis and did not receive a response. Plaintiff's grievance did not specify the contents of this letter. (*Id.*). Plaintiff complained that he had received two misconduct tickets for fighting, but he did not indicate that he made a request for protection or that such a request had been denied. (*Id.*).

RUM Addis states that he was not aware that plaintiff was facing any threats to his safety and he does not recall receiving any written grievance or letter from plaintiff asking for protection. (Addis Aff. ¶¶ 5-6, PageID.279). If he had received such a written statement or a verbal request from the plaintiff, he would have completed a CSJ-686 Request for Protection/Investigation Report and forwarded it for further investigation. RUM Addis never took that step because he was not informed by anyone of plaintiff's alleged safety concerns. (*Id.* at ¶ 7, PageID.279).

Plaintiff states that he was twice assaulted on April 2, 2015, and that between the first assault in the dayroom at 6:15 p.m. and the second assault in an upstairs hallway at 7:00 p.m., he "informed" Sergeant Davis of the first assault, and she did nothing. (Compl. ¶¶ 11-13, 25, PageID.5, 7; Plf. Decl. ¶¶ 19-20, PageID.371).

According to Sergeant Davis, on April 2, 2015, shortly before midnight, plaintiff informed her that he had been assaulted earlier that evening. She completed and filed a CSJ-686 form, Request for Protection/Investigation Report. (Davis Aff. ¶¶ 5-6, PageID.259; ECF No. 39-3, PageID.263). Completion of this form is standard

protocol when a prisoner indicates he needs protection from other inmates. (Davis Aff. ¶ 7, PageID.259). Before plaintiff informed Sergeant Davis of the alleged danger he was facing on April 2, 2015, she had no knowledge of any alleged threats to his safety. When plaintiff notified her of a threat, she completed the requisite form and forwarded it onto the MDOC investigators and plaintiff was placed in protection. (*Id.* at ¶¶ 11-13, PageID.259-60).

On April 3, 2015, at approximately 6 a.m., Lieutenant Goostrey completed and filed a Critical Incident Report involving plaintiff because, on April 2, 2015, at approximately 7:30 p.m., a corrections officer had seen plaintiff being punched in the head by another prisoner. While plaintiff was in healthcare after the altercation, he informed a Sergeant Davis that he had been assaulted earlier that same date in the dayroom. As a result of plaintiff informing MDOC custody staff that he had been assaulted twice on the same day, plaintiff was placed in segregation pending investigation of the altercations. Plaintiff was taken to Hackley Hospital for medical treatment. (Compl. ¶ 12, PageID.5; Goostrey Aff. ¶¶ 10-11, PageID.268-69; ECF No. 39-6, PageID.273-76; Plf. Decl. ¶ 22, PageID.371).

Plaintiff was housed in segregation from April 3, 2015, until his transfer from MCF for his protection and to limit access to him by other prisoners. (Goostrey Aff. ¶ 12, PageID.269).

On October 18, 2017, plaintiff filed this lawsuit. (ECF No. 1).

## Discussion

**I.   Eighth Amendment**

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "Deliberate indifference is a stringent standard of fault." *Mangum v. Repp*, 674 F. App'x 531, 537 (6th Cir. 2017) (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). " 'To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety.' " *Woods v. LeCureux*, 110 F.3d 1215, 1222 (6th Cir. 1997) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). The Eighth Amendment proscribes deliberate indifference by prison officials to an unreasonable risk of injury to prison inmates. *See Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986). An Eighth Amendment claim contains objective and subjective components. *See Cardinal v. Metrish*, 564 F.3d 794, 802 (6th Cir. 2009). First, "the deprivation alleged must be, objectively, 'sufficiently serious.' For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834.

The second requirement for a claim of deliberate indifference to the risk of assault against an inmate by a fellow inmate is that the prison official have a sufficiently culpable state of mind. In *Farmer v. Brennan*, the Supreme Court held that the subjective element of a claim of deliberate indifference requires at least criminal recklessness. 511 U.S. at 839-40. "[A] prison official cannot be found liable

under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows and disregards and excessive risk to inmate health or safety; the official must be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." 511 U.S. at 837; *see Cardinal v. Metrish*, 564 F.3d at 802; *see also Mangum v. Repp*, 674 F. App'x at 541.  "[T]his burden is not light; even 'an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot ... be condemned as the infliction of punishment.' " *Shade v. City of Middletown*, 200 F. App'x 566, 569 (6th Cir. 2006) (quoting *Farmer*, 511 U.S. at 838).  The plaintiff's "burden can be met 'in the usual ways including inference from circumstantial evidence, and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.' " *Smith v. Yarrow*, 78 F. App'x 529, 537 (6th Cir. 2003) (quoting *Farmer*, 511 U.S. at 842).

Defendants do not contest that plaintiff satisfies the first element.  (Def. Brief, 6, ECF No. 39, PageID.241).  They seek summary judgment based on the second element.

No reasonable trier of fact could find in plaintiff's favor on the subjective component of his claims against Officer Dykstra and Lieutenant Goostrey.  These defendants encountered plaintiff during or after altercations and charged him with fighting misconducts.  Plaintiff has not presented evidence that Officer Dykstra and Lieutenant Goostrey were aware of the facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they drew that inference.

By contrast, viewing the facts in the light most favorable to plaintiff, a reasonable trier of fact could find in plaintiff's favor on his Eighth Amendment claims against RUM Addis and Sergeant Davis. Plaintiff states that RUM Addis received his March 27, 2015, letter outlining his fear of being assaulted again and asking him to investigate, and that RUM Addis took no action. Further, plaintiff states that, on April 2, 2015, between the first and second assaults, he "informed" Sergeant Davis of the first assault, and she took no action. RUM Addis and Sergeant Davis dispute these facts. I find that plaintiff has presented sufficient evidence to survive the motion for summary judgment on his Eighth Amendment claims against RUM Addis and Sergeant Davis.

**II.    Eleventh Amendment Immunity**

Defendants argue that all plaintiff's claims for damages against them in their official capacities are barred by Eleventh Amendment immunity. (Def. Brief, 16-17, PageID.251-52). Plaintiff did not sue defendants in their official capacities. He sued defendants in their individual capacities and seeks an award of damages.[3] (Compl., ¶¶ 1-2, PageID.4). Defendants are not entitled to summary judgment on claims that have never been in this case.

---

[3] Defendants did not claim entitlement to qualified immunity.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that the Court grant defendants' motion for summary judgment (ECF No. 38) in part and deny it in part. The Court should grant summary judgment in favor of Officer Dykstra and Lieutenant Goostrey on all plaintiff's claims. The Court should deny the motion for summary judgment on plaintiff's Eighth Amendment claims against RUM Addis and Sergeant Davis.

Dated:   September 1, 2019              /s/  Phillip J. Green
                                        PHILLIP J. GREEN
                                        United States Magistrate Judge


## **NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a forfeiture of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Berksire v. Beauvais*, 928 F. 3d 520, 530-31 (6th Cir. 2019); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).