UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD MCDUFF, #204491,        )
               Plaintiff,        )
                                  )    No. 1:17-cv-912
-v-        )
                                  )    Honorable Paul L. Maloney
SHERRY L. BURT, et al.,        )
               Defendants.        )
                                  )

## ORDER ADOPTING REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner, Richard McDuff, under 42 U.S.C. § 1983. On September 1, 2019, United States Magistrate Judge Phillip J. Green issued a Report & Recommendation ("R&R") recommending that the Court grant Defendant's motion for summary judgment in part and deny it in part (ECF No. 61). This matter is now before the Court on McDuff's objection to the R&R (ECF No. 62). For the reasons to be discussed, the Court will overrule the objection and adopt the R&R as the Opinion of the Court.

### Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

McDuff brings five objections to the R&R.  His first objection vaguely asserts that the R&R failed to properly consider his version of the facts; he does not specifically explain what facts should be considered. The Court declines to review such a vague objection. *See Mira*, 806 F.2d at 637. This objection is overruled.

McDuff's second objection makes several separate arguments. First, he argues that Defendant Dykstra knew that McDuff was at a substantial risk of harm when he discovered McDuff, injured, after an altercation. However, as this Court already noted, a single incident does not give rise to a reasonable inference that McDuff was at a substantial risk of serious harm. *See e.g., Lewis v. McLennan*, 7 F. App'x 373, 375 (6th Cir. 2001) (affirming dismissal of Eighth Amendment claim because the plaintiff had not alleged any specific facts which would show that he was in danger of being assaulted by other prisoners) (*See* ECF No. 19 at

PageID.163). Nor does it give rise to the conclusion that Dykstra drew that inference: in his affidavit, Dykstra explains that McDuff never indicated that he was in danger (ECF No. 40 at ¶ 12). Thus, Dykstra had no reason to infer that McDuff was at a substantial risk of serious harm. The first attack did not give rise to a claim for deliberate indifference, so this part of the objection is overruled.

McDuff also objects to the omission of the words "in self-defense" from the R&R's description of his actions in the March 24, 2015 fight. This objection has no bearing on the R&R's outcome and accordingly, it is overruled.

The final part of McDuff's second objection concerns Defendant Lieutenant Goostrey. McDuff argues that Lieutenant Goostrey should have investigated the second assault and that his failure to do so was a violation of the Eighth Amendment. However, Lieutenant Goostrey *did* investigate that assault until he learned that McDuff threw punches (*See* ECF No. 39-5 at ¶ 6). In Lieutenant Goostrey's mind, the assault became a fight at that point and McDuff was not at a substantial risk of serious harm (*id.*). Lieutenant Goostrey's affidavit confirms this: McDuff did not inform him that he was being assaulted or that he was in danger (*id.* at ¶¶ 8-9). Nothing in McDuff's objection changes the R&R's calculus. Therefore, this part of the objection is overruled, and McDuff's second objection is overruled in full.

McDuff's third objection echoes his second objection: he argues that the R&R erred in determining that Dykstra and Goostrey were entitled to summary judgment. Specifically, McDuff argues that the R&R did not adequately consider the fact that he was found not guilty of fighting. This, McDuff argues, should have alerted Dykstra and Goostrey that he needed

3

protection. But as the R&R notes, even a significant risk that officers should have perceived, but did not, cannot "be condemned as the infliction of punishment." *Shade v. City of Middletown*, 200 F. App'x 566, 569 (6th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 838 (1994)). As outlined above, Dykstra and Goostrey did not draw the inference that McDuff was at a substantial risk of serious harm; nothing in McDuff's objection changes that reality. Even if they should have perceived the risk, they did not. This destroys McDuff's claim against them and this objection is overruled.

McDuff's fourth objection argues that he was not required to explicitly request protection and reiterates his position that Dykstra and Goostrey should have known that he needed protection. Again, nothing in the record shows that Dykstra or Goostrey drew the requisite inference that McDuff was at a substantial risk of serious harm. Therefore, absent a specific request for protection that went ignored, McDuff's Eight Amendment claim against the officers will be unsuccessful. This objection is overruled.

McDuff's final objection objects to the "limited scope" of the R&R's finding regarding RUM Addis; McDuff argues that he produced more evidence to support his Eighth Amendment claim than the R&R noted. The Court declines to find that this is an error. The R&R found that McDuff had "presented sufficient evidence to survive the motion for summary judgment" against RUM Addis (ECF No. 61 at PageID.436). The R&R was not required to outline every piece of evidence that supported McDuff's position. McDuff's additional facts remain part of the record and will continue to support his claim. This objection is also overruled.

Given that there are no errors in the R&R,

4

5

**IT IS ORDERED** that the September 1, 2019 R&R (ECF No. 61) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection to the R&R (ECF No. 62) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 38) is **GRANTED** in part and **DENIED** in part.

Date: February 25, 2020                     /s/ Paul L. Maloney
                                            Paul L. Maloney
                                            United States District Judge